Mr. Moore, for the defendant, objected that the plaintiff ought not to recover, because it appeared by this endorsement that the property or interest in this note was not in the plaintiff, but in another person, the endorsee.
General Davie, e contra. The endorsement of a note by special words may restrain its future negotiability. 2 Doug., 638. And by (175) parity of reason, the negotiability of a note may be restrained by special words in the body of the note itself. If so, then here is the word only, meant no doubt to restrain its transfer, and then it is not negotiable under the act of 1786, ch. 4, which only says that "All bills, bonds, or notes for money, as well those with seal as those without seal; those which are not expressed to be payable to order, or for value received, as those which are expressed to be payable to order, or for value received, shall, after the passing of this act, be held and deemed to be negotiable; and all interest and property therein shall be transferable by endorsement in the same manner and under the same rules, regulations, and restrictions as notes, called promissory or negotiable notes, have heretofore been." This clause comprehends the case of notes in which there is nothing expressed towards rendering them negotiable; but it does not extend to cases like the present, where negotiability is expressly guarded against; and of course the endorsement in the present case cannot operate as a legal transfer of the note.
One of the judges mentioned Dook v. Caswell, ante, 18, where the note was endorsed by Benton, but the suit commenced in the name of Dook, and the court allowed the endorsement to be struck out, upon an objection similar to the present being made. Upon the mentioning this case, the record was searched and found to be so.
The negotiability of a bill or note may be restrained by endorsement, or by special words in the body of the note itself; and if it could not, yet the original payee having the bill or note in his possession is evidence of the note having been returned to him by the endorsee after the endorsement; and if a payee endorses by a general or special endorsement, and the assignee cannot obtain payment of the drawer or maker of the bill or note, he may call upon the endorser, and he is compellable to pay the money and take back the bill or note; and if in such case the endorser or payee could not sue the maker in his own name because of the endorsement, he could not recover at all. He may strike out the endorsement, or recover without striking it out, his *Page 125 
possession of the bill or note being evidence of such a repayment until the contrary be shown.
Verdict and judgment for plaintiff.
See Drew v. Jacocks, 6 N.C. 138; Dook v. Caswell, ante, 18.
Cited: Strong v. Spear, post, 214; Bank v. Bank, 118 N.C. 788.
(176)